Mary Mayberry, Appellee, v. Irene Cage and Harold C. Costello, Appellants.

**Gen. No. 42,873.**

656 

 Heard in the third division of this court for the first district at the October term, 1943. Opinion filed April 26, 1944. Rehearing denied May 12, 1944.

CASSELS, POTTER & BENTLEY, of Chicago, for appellants; L. H. VOGEL, HAROLD G. BLAKE and ANTHONY S. RAS, all of Chicago, of counsel.

GEORGE YELLEN and GEORGE E. SANKSTONE, both of Chicago, for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

Mary Mayberry filed a complaint in the circuit court of Cook county against Irene Cage, Harold C. Costello and Iroquois Management Company, a corporation, to recover for personal injuries claimed to have resulted from an accident which she asserted occurred on May 23, 1942 in the Oriental theatre, Chicago, while she was a patron. The complaint charged the defendants with negligence in maintaining and permitting an obstruction in the passageway between two rows of seats in the theatre, and improperly lighting the aisles. It was charged that as a proximate result of such alleged negligence plaintiff was caused to fall and suffer injury. The obstruction referred to was a ventilator under the seats of the front of the two rows of seats. The case was discontinued as to the Iroquois Management Company. A trial before the court and a jury resulted in a verdict in favor of plaintiff for $1,500. Defendants' motions for judgment notwithstanding the verdict and for a new trial were overruled. Judgment was entered on the verdict and this appeal followed. Plaintiff's theory of the case is that the ventilator "being raised above the floor, constituted an obstruction and danger to patrons in the theatre and to this plaintiff, and that the same constitutes negligence

on the part of defendants in the operation and management of their theatre.'' Defendants' theory is that they were not guilty of the negligence charged in that there was sufficient light in the aisles, the ventilator did not create a dangerous condition, and any claim of insufficient lighting is untenable because the lighting had no connection with plaintiff's alleged fall.

The entrance to the Oriental theatre is on the north side of Randolph street. The stage is to the west. This theatre shows motion pictures. The aisles, running in an easterly and westerly direction, lead from the lobby toward the stage and there are rows of seats between the aisles. On May 23, 1942 at about 11:50 a. m., plaintiff, accompanied by Michael J. Drummond, paid the admission charge and entered the theatre. They walked down aisle four to row four, counting the rows of seats from the rear. She turned in row four to the left, Drummond following, and went about five seats, believing that there were two vacant seats. It was dark, as a motion picture was being shown. Only one seat was available and she started to return to the aisle. Going in between the rows of seats, she moved sideways to her left. She did not turn around, but came out sideways, moving to her right, her face towards the screen. People were seated in back of her, which gave her very little room. She testified that as she came out she stumbled over the ventilator some four or six inches above the floor, situated in back of the row in front of her; that she fell out into the aisle; that as she fell she tried to arrest her fall with her left hand and fell crossways into the aisle, fracturing her left arm. She intended to convey the impression that the ventilator was four to six inches above the floor upon which she was moving. Photographs of the place of the occurrence were introduced as plaintiff's Exhibits 1 and 2. A drawing of the scene was received in evidence as defendant's Exhibit 1. Plaintiff asserts that her Exhibit 1 shows the ventilator upon which she

fell, and also shows that it is raised as she testified. She maintains that her Exhibit 2, showing the aisle for a number of seats back, also shows that the ventilator is raised as she testified. Defendants' Exhibit 1 is a drawing made for and on behalf of the defendants by Arthur Land from notes taken at the theatre and then transcribed to the exhibit. It was not until an hour and a half after she fell that any report of the occurrence was made to the persons in the place. In that time she and Mr. Drummond occupied seats and viewed the picture and performance. When complaint was made of the fall she made no reference to any obstruction in the passageway between the seats, but complained only of the supposed condition of insufficient lighting. When this complaint was made, employees of the theatre went to the place pointed out by her as the point where she fell and showed her the aisle lights, which were burning. The photographs and drawing show that the passageway to the row of seats where she was moving was at a higher level than the passageway to the row of seats immediately to the front. The exhibits also show that the ventilator was located under one of the seats in the forward or fifth row. Michael J. Drummond testified in behalf of plaintiff. He identified the photographs as accurately showing the place of the occurrence. He also described the point of the alleged fall and of seeing plaintiff in the aisle after she had fallen. After the accident plaintiff was sent to the office of Dr. Emil C. Duval by the persons in charge of the theatre. He caused x-rays to be taken. A metal splint and cast were placed upon her arm.

Defendants urge that the court erred in refusing to direct a verdict for them at the close of all the evidence and in denying their motion for judgment notwithstanding the verdict. In passing on these motions, the sole question presented is whether, admitting the evidence in favor of the plaintiff to be true, that evidence,

together with all legitimate conclusions and inferences, fairly tends to sustain her cause of action; and we have no right to pass upon the credibility of the witnesses, to consider any purported impeachment, the weight thereof, or the weight of the testimony, since the motions admit the evidence in favor of the plaintiff to be true, together with all legitimate inferences. According to the weight of authority, proprietors of theatres are not insurers of the safety of their patrons, but are required to use ordinary care to make the premises as reasonably safe as may be consistent with the practical operation of the business. *Dire v. Balaban & Katz, Inc.*, 241 Ill. App. 199. In resisting the contention of defendants that the court should have directed a verdict, plaintiff states that the photographs introduced by her as Exhibits 1 and 2 accurately portray the obstruction complained of; that the ventilator was raised above the floor and was dangerous; that as a result she fell and sustained injuries; that the pictures show the negligent construction and maintenance; that plaintiff testified that the ventilator was from four to six inches above the level of the floor; that the pictures confirm her testimony; that the jury, the judges of the facts, chose to decide in favor of her contention; that the pictures were viewed by the jury; that the defendants attempted to show by a drawing that the ventilator was not raised or dangerous; that the question as to the lights is not in issue excepting insofar as the dim lights made it impossible for her to see the raised ventilator on which she fell; and that the amount of damages awarded was reasonable. We are of the opinion that under the rules applicable the court did not err in denying defendants' motions for a directed verdict and for judgment notwithstanding the verdict.

Defendants insist that the judgment is clearly and palpably against the manifest weight of the evidence. Plaintiff states that the evidence fully supports the

judgment; and that the evidence preponderates in favor of plaintiff. We agree with plaintiff that a verdict should not be set aside by an appellate court as being against the weight of the evidence unless it is against the manifest weight of the evidence; that where there is a conflict in the testimony it is for the jury to weigh and determine the evidence admitted by the court as competent; and that a reviewing court should not infringe upon the right of trial by jury by weighing and determining if the plaintiff has proved her case by a preponderance of the evidence. As the case was submitted to the jury the charge against the defendants was negligence in permitting an obstruction to be installed and remain between the two rows of seats. Moving picture theatres are necessarily dark while the pictures are being shown, and the lighting of the aisles and walks must be subdued. Plaintiff testified that there were no lights out of order. There was no testimony that the lighting system was improper or inadequate. Plaintiff attempted to prove that she was injured by reason of an obstruction in the walk between the fourth and fifth rows of seats from the rear of the theatre to the left of aisle four. She admitted that when she reported the occurrence to the employees of the theatre she made no complaint of any obstruction, but commented only on the alleged insufficiency of lights. The testimony of Arthur Land, a draftsman of 25 years experience, and the drawing he made shows that the ventilator measures fourteen inches in a direction parallel with the row of seats, or north and south, and ten inches from the front to the back of the seat, or east and west; that it is seventeen and three quarters inches from the front of the seat in the fourth row to the edge of the ventilator; that there is a drop of three inches from the floor level of the fourth row to the floor level of the fifth row of seats; that the ventilator is entirely under the fifth row seat, if the back of the seat is included; that if only the seat proper

is considered the ventilator protrudes three inches toward the row in back; that seven inches of the ventilator goes under the seat; that three inches of it are in the aisle between the two rows of seats; that the center of the ventilator is about one inch above the fourth row floor at its highest point; and that the edge of the ventilator under the fifth row seat is level with the floor of the fourth row seats. Plaintiff testified on cross-examination that as she was moving sideways toward the aisle her foot did not go off or down from the level upon which she had been proceeding. She identified the ventilator as the object that she stumbled over. It has frequently been held that the testimony of a witness may contain within itself its own impeachment. She stated that she "stumbled" her foot over a high part raised up in the floor some four to six inches. The ventilator did not cause plaintiff to stumble when she walked into the passageway for the fourth row of seats. She necessarily passed the ventilator in proceeding as far south in the row as the fifth seat. From a consideration of all the testimony and the exhibits, we are convinced that the judgment is contrary to the manifest weight of the evidence. The drawing clearly shows that the ventilator as constructed and maintained was not dangerous. It also shows that the highest point of the ventilator was only one inch above the floor on which plaintiff was walking and that it was level with the floor at the point where the floor and the ventilator came together. The ventilator gradually sloped upward from the floor until at the center the ventilator was one inch above the level of the floor. This is a clear contradiction to plaintiff's testimony that the obstruction was from four to six inches above the level of the floor. In our opinion, the photographs tend to support the drawing and testimony of Mr. Land.

Defendant maintains that the court erred in denying their motion for leave to file an amendment to their

motion for a new trial and in the alternative their motion in the nature of a writ of error *coram nobis*. At a term subsequent to the term when the judgment was entered, the witness Drummond made an affidavit in which he repudiated some of the testimony he gave. The court denied defendants leave to file their motion or affidavit. These documents have been included in the record and abstract. Plaintiff moved to strike and expunge from the record and abstract all reference to the motion and affidavit and plaintiff's motion was taken with the case. It is now allowed. We have not considered the affidavit of Mr. Drummond in passing on the points raised by the parties.

Other points have been urged by defendants. In view of our finding, it is unnecessary to consider these points. The judgment of the circuit court of Cook county is reversed and the cause remanded with directions for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded with directions.*

HEBEL, P. J., and KILEY, J., concur.