(No. 78-CC-1250–▮▮▮▮▮▮▮▮▮▮▮▮

CHRISTIE LOU HERRON, a Minor, by ROBERT B. HERRON, her next friend, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 26, 1981.*

HERRICK, RUDASILL AND MOSS, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant, Christie Lou Herron, was born August 24, 1963, and lived with her parents at 1903 West Calhoun in

Springfield, Illinois, on August 11, 1977. On that date she went to the Illinois State Fairgrounds with a friend, Joanne Ippert, her sister, Cathy, and another friend. They went to a refreshment stand and bought a soft drink and then went to a playground area to sit on a teeter-totter while they drank their drink. The ground was wet and they sat on the teeter-totters rather than sit on the wet ground.

Joanne Ippert and Christie started to go up and down on the teeter-totter and Joanne then remarked she was going to get off but Christie did not hear her. When Joanne got off, Christie's end of the teeter-totter fell to the ground. When it came down, there was a bolt protruding from the handle of the teeter-totter and it struck her in the vagina. The bolt protruded from the handle and had two large nuts on it facing the person sitting on the teeter-totter.

Christie went to the emergency room at Memorial Hospital in Springfield and was treated there by the emergency room doctor and later she was treated by Dr. Metzmaker. She saw a Dr. Hirschowitz and was still suffering some pain to the vagina at the time of the hearing.

At the time of the injury, Claimant was wearing jeans and they were not torn. She suffered bruises to a portion of her anatomy but they were relatively minor. Surgery was not required and the only treatment recommended was that she go home from the emergency room and rest and sit in warm water to alleviate the pain and help the healing. Claimant testified she followed this procedure for a considerable period of time and that it did alleviate the pain. She stated she was confined to a couch at her home for several days after the incident as it was too painful for her to move.

It is Respondent's contention that the sudden removal of Joanne Ippert from the teeter-totter caused the injury to Claimant.

It is Claimant's contention that even if the act of Joanne Ippert was removed, the injury would have still been possible.

The exhibits introduced in this case graphically illustrate the protrusion of the bolt that caused the injury to Claimant. The bolt in question, as shown by the exhibits, had two rather large nuts on it, and it protruded from the handle for a considerable distance. One of the exhibits, showing the same type of teeter-totter, has a handle with only one nut rather than the two nuts that were on the teeter-totter involved in the injury to Claimant.

The seat faces the handle on which this bolt is fastened. It is quite apparent that an individual sitting on the seat who was pushed forward for any reason whatsoever would be in a position to strike the protruding bolt. When the teeter-totter comes down, the law of gravity forces the occupant of the seat into a position to be struck by the bolt on some portion of the body. The fact that there were double nuts instead of a single nut enlarges the chances of an injury being suffered.

Claimant cites the case of *Mayberry v. Cage*, 322 Ill. App. 655, where the Court states:

"The proprietor of a public place of amusement owes a duty . . . to use ordinary care to make the premises as reasonably safe as may be consistent with the practical operation of the business . . ."

Claimant also relies upon the case of *Kahn v. James Burton Co.*, 5 Ill. 2d 622, 625, in which the Court goes into the cost of the preventive measure weighed against the potential for injury. Claimant also cites the case of

*Corcoran v. Village of Libertyville*, 73 Ill. 2d 325. In the *Kahn* case, the Court also stated:

". . . Where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency likely to cause injury to one incapable of appreciating the risk, where the cost of remedying the condition is slight compared to the risk, there is a duty of the owner or person in possession and control to remedy the conditions . . ."

Certainly the Respondent, who maintained the fairgrounds and placed the teeter-totter for the use of children, should have known that the teeter-totter was being used by children and the danger of being injured by the protruding bolt was well known.

It is the opinion of this Court that the Respondent was negligent, that the proximate cause of the injury was the protrusion of the bolt which, in the language of one of the witnesses for Respondent, showed that a single bolt would have served the same purpose and cut down the protrusion to at least half of that which existed at the time of the accident, and that the State is liable for the injury of Claimant.

Evidence in the record is very meager as to the costs accrued to Claimant's parents as a result of their daughter's injury.

Award is hereby entered in favor of Claimant in the amount of $3,500.00.